UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-6738-KK (AS) | Date | September 10, 2025 |
|---|---|---|---|
| Title | Charles Hall v. People of the State of Cal. | | |

| Present: The Honorable | Alka Sagar, United States Magistrate Judge | |
|---|---|---|
| Alma Felix | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Petitioner: | | Attorneys Present for Respondent: |
| N/A | | N/A |

**Proceedings:**   **(IN CHAMBERS)** ORDER REQUIRING PETITIONER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED

On July 21, 2025, Charles Hall ("Petitioner"), a state prisoner proceeding *pro se* and *in forma pauperis* filed the pending Petition for Writ of Habeas Corpus by a Person in State Custody Pursuant to 28 U.S.C. § 2254 ("Petition"). (Docket ("Dkt.") No. 1). The Petition raises three grounds for relief: (1) "SB 1437"; (2) the jury instructions provided at Petitioner's trial "would no longer stand" under the "new legal landscape"; and (3) Petitioner is elderly and has health concerns. (Petition at 5-6).

**I.
RELEVANT BACKGROUND**

On February 9, 1983, in People v. Hall, Los Angeles County Superior Court case no. A452611 ("State Criminal Case"), a jury convicted Petitioner of one count of first degree murder in violation of California Penal Code ("P.C.") § 187(a), one count of robbery in violation of P.C. § 211, and one count of burglary in violation of P.C. § 459.[1] (Petition at 2); People v. Hall, 2023 WL 6226261, *1 (2023). "The jury also found true the special circumstance allegations that the murder was committed while [Petitioner] was engaged in the commission of robbery and burglary within the meaning of [P.C. § 190.2(a)(17)]." Hall, 2023 WL 6226261 at *1. Petitioner was subsequently sentenced to life imprisonment without the possibility of parole. (Petition at 2); Hall, 2023 WL 6226261 at *1.

Petitioner appealed his conviction and sentence to the California Court of Appeal, which affirmed

---

[1] Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of relevant documents in the cases discussed in this section. Fed. R. Evid. 201; see also Rosales-Martinez v. Palmer, 753 F.3d 890, 894 (9th Cir. 2014) ("It is well established that we may take judicial notice of judicial proceedings in other courts."); Harris v. Cnty. of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012) ("We may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts." (citations omitted)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-6738-KK (AS) | Date | September 10, 2025 |
|---|---|---|---|
| Title | Charles Hall v. People of the State of Cal. | | |

the judgment in a published decision filed June 22, 1984. People v. Hall, 157 Cal. App. 3d 538 (1984). Petitioner does not seem to have filed a petition for review in the California Supreme Court.

On September 30, 2018, the California Governor signed Senate Bill No. 1437. "The legislation, which became effective on January 1, 2019, addresses certain aspects of California law regarding felony murder and the natural and probable consequences doctrine by amending [P.C. §§] 188 and 189, as well as by adding [P.C. §] 1170.95, which provides a procedure by which those convicted of murder can seek retroactive relief if the changes in law would affect their previously sustained convictions."[2] People v. Martinez, 31 Cal. App. 5th 719, 722 (2019). In particular, Senate Bill No. 1437 "was enacted to 'amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.'" Id. at 723 (citation omitted).

On March 6, 2019, Petitioner filed a P.C. § 1170.95 petition for resentencing in Los Angeles County Superior Court. "At a hearing on March 11, 2019, the trial court denied [the] petition . . . because 'in the commission of this offense, [Petitioner], even if not the actual killer, was a major participant in the underl[ying] felony and acted with reckless indifference to human life.'" People v. Hall, 2020 WL 6937891, *1 (2020). Petitioner appealed this decision to the California Court of Appeal, which affirmed the Superior Court's decision, concluding Petitioner was ineligible for P.C. § 1170.95 relief as a matter of law. Id. at *1-2. Petitioner filed a petition for review in the California Supreme Court, which granted review on March 10, 2021, and dismissed review on January 19, 2022. People v. Hall, California Supreme Court case no. S266389; see also Hall, 2023 WL 6226261 at *2 n.2.

On May 4, 2022, Petitioner filed a second P.C. § 1170.95 petition for resentencing in Los Angeles County Superior Court, which the Superior Court denied on May 5, 2022. Hall, 2023 WL 6226261 at *2. Petitioner appealed the matter to the California Court of Appeal, which affirmed the Superior Court's decision on September 26, 2023. Id. at *1-4. Petitioner then filed a petition for review in the California Supreme Court, which denied review on December 13, 2023. People v. Hall, California Supreme Court case no. S282602.

## II.
## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court. . . ." Rule 4 of the Rules Governing Section 2254

---

[2] "Section 1170.95 was renumbered as section 1172.6, effective June 30, 2022." Brown v. Atchley, 76 F.4th 862, 864 n.1 (9th Cir. 2023).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-6738-KK (AS) | Date | September 10, 2025 |
|---|---|---|---|
| Title | Charles Hall v. People of the State of Cal. | | |

Cases. Based upon the Petition and the state court records discussed herein, the Court orders Petitioner to show cause why the Petition and this action should not be dismissed.

  A federal court, in conducting habeas review, is limited to deciding whether a state court decision violates the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a); Swarthout v. Cooke, 562 U.S. 216, 219 (2011) (per curiam); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Federal habeas corpus relief "does not lie for errors of state law." Lewis v. Jeffers, 497 U.S. 764, 780 (1990); see also Wilson v. Corcoran, 562 U.S. 1, 5 (2010) (per curiam) ("[I]t is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral attack in the federal courts." (emphasis in original)). However, Ground One, which challenges the denial of Petitioner's P.C. §§ 1170.95/1172.6 motions, raises only a noncognizable state law claim. Souch v. Schaivo, 289 F.3d 616, 622–23 (9th Cir. 2002); Miller v. Vasquez, 868 F.2d 1116, 1118–19 (9th Cir. 1989); see also Cole v. Sullivan, 480 F. Supp. 3d 1089, 1097 (C.D. Cal. 2020) ("To the extent petitioner may be challenging the state courts' denial of his petition for resentencing under [P.C. §] 1170.95, his claims pertain solely to the state court's interpretation and application of state sentencing law and therefore are not cognizable."); Sanders v. Johnson, 2023 WL 4297562, *2 (C.D. Cal. 2023) ("[T]he Petition purports to challenge the state court's denial of a petition for resentencing pursuant to California Penal Code section 1170.95/1172.6. As such, the Petition involves only the application of state sentencing law and does not give rise to a federal question cognizable on federal habeas review."); Shallowhorn v. Guzman, 2023 WL 5004495, *4 (C.D. Cal. 2023) ("Federal courts have routinely held that challenges to denials of section 1170.95 resentencing petitions 'pertain solely to the state court's interpretation and application of state sentencing law and therefore are not cognizable' on federal habeas review." (citations omitted)); Springfield v. Lozano, 2023 WL 3409502, *4 (C.D. Cal.) ("Courts in this district have repeatedly held that whether a petitioner is entitled to resentencing under the amendments effected by Senate Bill 1437 is solely an issue of state law and does not give rise to a claim cognizable on federal habeas."), report and recommendation accepted by, 2023 WL 4316774 (C.D. Cal. 2023).

  In Ground Three, Petitioner alleges he is elderly and has health concerns (Petition at 6), which appears to be a request for compassionate release. But a "plea for compassionate release is not one which federal courts, sitting in habeas, or any other situation, are entitled to act upon." Tucker v. Dep't of Corrs., 2013 WL 1091282, *1 (E.D. Cal. 2013); Linwood v. Dep't of Corrs., 2021 WL 1738857, *2 (D. Mont.), report and recommendation adopted by, 2021 WL 1733689 (2021); see also Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."); Gonzales v. Marshall, 2008 WL 5115882, *6 (C.D. Cal. 2008) ("California's statutory scheme governing compassionate release creates no liberty interest in a prisoner seeking such release[.]"); Harney v. Warden, Ohio Reformatory for Women, 2023 WL 5310114, *7 (S.D. Ohio) ("'[N]either § 2241 nor § 2254 vest this Court with habeas corpus jurisdiction to order a compassionate release.'" (quoting Fox v. Warden Ross Corr. Inst., 2012 WL 3878143, *2 (S.D. Ohio), report and recommendation adopted by, 2012 WL 5198362 (S.D. Ohio 2012))), report and recommendation adopted by, 2023 WL 8936275 (S.D. Ohio 2023).

  Accordingly, it appears that Grounds One and Three are not cognizable in this action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-6738-KK (AS) | Date | September 10, 2025 |
|---|---|---|---|
| Title | Charles Hall v. People of the State of Cal. | | |

In Ground Two, Petitioner challenges jury instructions given in the State Criminal Case. (Petition at 5-6). However, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "establishes a 1-year period of limitation for a state prisoner to file a federal application for a writ of habeas corpus." Wall v. Kholi, 562 U.S. 545, 550 (2011); 28 U.S.C. § 2244(d)(1). Specifically, state prisoners must file their habeas petitions within one year of the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

The AEDPA's one-year statute of limitations did not begin to run against any state prisoner prior to April 24, 1996, the date of AEDPA's enactment. Wood v. Milyard, 566 U.S. 463, 468 (2012); Allen v. Siebert, 552 U.S. 3, 4 (2007) (per curiam); Carey v. Saffold, 536 U.S. 214, 217 (2002). Thus, a state prisoner such as Petitioner whose convictions became final before AEDPA's effective date had one year from April 24, 1996, or until April 24, 1997, to file a federal habeas corpus petition. 28 U.S.C. § 2244(d)(1)(A);[3] Wood, 566 U.S. at 469; Siebert, 552 U.S. at 4; Saffold, 536 U.S. at 217. Therefore, absent tolling, Ground Two of the pending Petition is untimely by more than twenty-eight years.

Under 28 U.S.C. § 2244(d)(2), AEDPA's limitations period is statutorily tolled while "'a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" Siebert, 552 U.S. at 4 (quoting 28 U.S.C. § 2244(d)(2)). Petitioner "bears the burden of proving that the statute of limitations was tolled." Banjo v. Ayers, 614 F.3d 964, 967 (9th Cir. 2010). Here, there is no evidence Petitioner filed any state post-conviction petition during the running of the limitations period – and even if he had, there is certainly nothing to suggest Petitioner is entitled to over twenty-eight years of statutory tolling.

---

[3]The Court calculates the AEDPA limitations period based on Section 2244(d)(1)(A). "Although § 2244(d)(1) sets forth three alternate possible starting dates [other than § 2244(d)(1)(A)] for the commencement of the running of the statute of limitations," nothing in the Petition suggests a later start date for the limitations period applies. Miranda v. Castro, 292 F.3d 1063, 1065 n.1 (9th Cir. 2002).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-6738-KK (AS) | Date | September 10, 2025 |
|---|---|---|---|
| Title | Charles Hall v. People of the State of Cal. | | |

Equitable tolling is available "in appropriate cases." Holland v. Florida, 560 U.S. 631, 645 (2010). Petitioner bears the burden of proving he is entitled to equitable tolling of the statute of limitations by showing: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Holland, 560 U.S. at 649. "The petitioner must show that 'the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time.'" Porter v. Ollison, 620 F.3d 952, 959 (9th Cir. 2010) (citation omitted); see also Menominee Indian Tribe of Wis. v. United States, 577 U.S. 250, 257 (2016) (The "second prong of [Holland's] equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary and beyond its control." (emphasis omitted)). "'[T]he threshold necessary to trigger equitable tolling under [the] AEDPA is very high, lest the exceptions swallow the rule.'" Mendoza v. Carey, 449 F.3d 1065, 1068 (9th Cir. 2006) (citation omitted); Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010). Here, nothing in the Petition suggests Petitioner is entitled to equitable tolling of the limitations period – and certainly not for a sufficient period of time to render Ground Two timely.

For the reasons set forth herein, it appears that Ground Two is untimely.[4]

### III.
### ORDER

Accordingly, Petitioner is ORDERED TO SHOW CAUSE within twenty-one (21) days of the date of this Order (by no later than October 1, 2025), why the Petition should not be dismissed.

Alternately, if Petitioner no longer wishes to pursue this action in this Court, he may request a voluntary dismissal of this action pursuant to Fed. R. Civ. P. 41(a). A Notice of Dismissal form is attached for Petitioner's convenience.

Petitioner is cautioned that the failure to timely file a response to this Order to Show Cause and/or to show good cause may result in a recommendation that this action be dismissed for lack of jurisdiction, for failure to comply with the Court's order, and/or for failure to prosecute.

|  | 0 : 0 |
|---|---|
| Initials of Preparer | AF |

---

[4] To the extent that Petitioner might intend Ground Two to challenge the denial of his P.C. §§ 1170.95/1172.6 petitions, it is not cognizable for the reasons discussed herein.